***********
In accordance with the directives of the North Carolina Court of Appeals and all the evidence of record, the Industrial Commission enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at and following the hearing on 8 May 1998 as:
 STIPULATIONS
1. All parties are before the North Carolina Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. At all times relative to this claim, and employer-employee relationship existed between the deceased, Walter Wayne Dillard, and the defendant-employer.
3. At all times relative to this claim, defendant-employer regularly employed three or more employees and was bound by the North Carolina Workers' Compensation Act.
Safeco Insurance Companies is the carrier on the risk for the employer.
The following is a list of all exhibits stipulated into evidence:
Stipulated exhibit #1 decedent's medical records (25 pages)
Stipulated exhibit #2 decedent's death certificate
Stipulated exhibit #3 decedent's W2 statements; 1994 through 1996
Stipulated exhibit #4 decedent's funeral expenses (3 pages)
 ***********
In accordance with the directives of the North Carolina Court of Appeals, and based upon all of the competent, credible, and convincing evidence of record, the Full Commission finds the following additionally:
 FINDINGS OF FACT
1. At the time of his death on April 4, 1996, Walter Wayne Dillard, the deceased employee, was 50 years old. At the time of his death, Walter Dillard was employed with Merchant's, Inc. as the store manager of the Merchant's store in Greensboro, North Carolina.
2. The plaintiff in this matter, Linda Dillard, is the widow of the deceased employee. Linda and Walter Dillard were married in 1979 and they were continuously married until his death on April 4, 1996.
3. In December 1990, Walter Dillard joined Merchant's Tire (Now Merchant's Inc.) in Virginia Beach, where he was hired as an assistant manager. He was promoted to store manager within four months.
4. While the deceased managed the store in Virginia Beach, the store's sales increased tremendously. In 1993 or 1994, the deceased was transferred to the Greensboro, North Carolina store on Cone Boulevard. The deceased was also the store manager at this location.
5. The deceased routinely stayed well past the store's closing time and worked several hours on Sunday, a day when the store was closed for business.
6. The Greensboro store had labor shortages and the deceased was often required to work through lunch and fill multiple roles in the store. The deceased worked up to 60 hours a week. The store hours of the deceased's location were extended two days before his death, although the deceased routinely worked beyond the new closing time before the change in store hours.
7. Bernard Westbrook saw the deceased a day or two before the deceased's death. Bernard Westbrook noticed that the deceased had started smoking again, and that the deceased seemed exhausted and irritable.
8. The deceased had a cardiac arrest episode in bed the night of 4 April 1996. Linda Dillard noted the deceased making unusual noises in his sleep at approximately 11:30 p.m. and called paramedics. The deceased was transported to the hospital where he was pronounced dead.
9. No unusual events or anything out of the ordinary took place in the deceased's work on 4 April 1996 or in the days leading up to his death.
10. Dr. Mark was of the opinion that the change in store hours did not contribute to the deceased's death.
 ***********
In accordance with the directives of the North Carolina Court of Appeals, the foregoing stipulations and findings of fact engender the following:
 CONCLUSIONS OF LAW
1. There was no interruption of the deceased's work routine, nor was there an unusual event or an introduction of unusual conditions likely to result in unexpected consequences on 4 April 1996 or in the days leading up to his death. N.C.G.S. § 97-2(6); Lovekin v. Lovekin Ingle,140 N.C. App. 244, 535 S.E.2d 610, disc. review denied, 353 N.C. 266,546 S.E.2d 105 (2000).
2. The acute cardiac incident that caused deceased's death on 4 April 1996 did not result from an injury by accident arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2(6);Lovekin v. Lovekin Ingle, 140 N.C. App. 244, 535 S.E.2d 610, disc.review denied, 353 N.C. 266, 546 S.E.2d 105 (2000).
 ***********
In accordance with the directives of the North Carolina Court of Appeals, as well as the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
Under the law, plaintiff's claim must be, and hereby is, DENIED.
Each side shall bear its own cost of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER